IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WOODBINE HEALTHCARE, LLC, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 09-0645-CV-W-ODS ) |
| KATHLEEN SEBELIUS, et al., | ) ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF JURISDICTION AND DISMISSING CASE WITHOUT PREJUDICE

Pending is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 9), which alleges Plaintiff has not exhausted its administrative remedies. The Court agrees with Defendants, so the motion is granted and the case is dismissed without prejudice.[1]

I. BACKGROUND

Plaintiff is a skilled nursing facility that participates in both the Medicare and Medicaid Programs. Complaint ¶ 1. Participation in these programs requires a facility to be certified and enter certain agreements with state and federal agencies. Complaint ¶ 13. Facilities are also surveyed periodically to insure they comply with safety and other regulations. Complaint ¶ 14. Failure to comply (or failure to correct problems) can result in a variety of sanctions, up to and including termination from the program. Complaint ¶ 19.

At the time the lawsuit was filed on August 19, 2009, Plaintiff had 140 residents. Complaint ¶ 2. Surveys were completed in February and March of 2009 that "identified

---

[1]This ruling renders Plaintiff's Motion to Extend TRO (Doc. # 12) moot.

conditions at the Facility which allegedly constituted immediate jeopardy." Complaint ¶ 27. Plaintiff was notified that a recommendation to terminate would be made if substantial compliance was not achieved by August 20, 2009. Plaintiff alleges it is now in substantial compliance, but Defendants disagree and intend to terminate Plaintiff's participation in the programs. E.g., Complaint ¶ 38.

When the suit was filed, Plaintiff also sought a temporary restraining order. Due to the undersigned's unavailability, this request was considered by the Honorable Fernando J. Gaitan, Jr., the Chief Judge of this Court. Defendants did not oppose entry of a TRO, and on that basis Judge Gaitan granted the motion.

## II. DISCUSSION

Defendants contend the Court lacks jurisdiction unless Plaintiff first exhausts his administrative remedies or a viable exception exists. Plaintiff does not seriously dispute the general requirement that it must exhaust administrative remedies, but contends an exception exists.

The Secretary of Health and Human Services may terminate a facility for failing to substantially comply with its agreement or with regulations. 42 U.S.C. § 1395cc(b)(2). An aggrieved facility is "entitled to a hearing thereon by the Secretary (after reasonable notice) to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title . . . ." Id. § 1395cc(h)(1)(A). Section 405 echoes the requirement that judicial review not occur until after an administrative hearing. Id. § 405(g). Finally, the point is made clear in section 405(h) – which is applicable in this case by virtue of section 1395ii – which states "[n]o finding of fact or decision [of the Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

As noted above, Plaintiff does not seriously dispute this interpretation of the statutes, but nonetheless contends an exception applies. Plaintiff relied on the "entirely

2

collateral" exception in its filings in support of a TRO, but seemingly abandoned that position in favor of a different doctrine. The Court will address both exceptions.[2]

A.

The exception for collateral issues applies "where the litigant: (1) raises a colorable constitutional claim collateral to his substantive claim of entitlement; (2) shows that irreparable harm would result from exhaustion; and (3) shows that the purposes of exhaustion would not be served by requiring further administrative procedures." Clarinda Home Health v. Shalala, 100 F.3d 526, 531 (8th Cir. 1996) (internal quotations omitted). Plaintiff cannot satisfy the first or third requirements.[3]

With respect to the first requirement, the Court notes the Verified Complaint does not allege a collateral constitutional claim. With one exception, all of the counts allege violations of various statutes. The sole exception – Count III – asserts violations of Due Process, but those violations are predicated solely on the allegation that Defendants have not acted in accordance with statute. The Due Process claim is intertwined with (and dependant upon) the statutory claims, so it is not collateral.

With respect to the third requirement, the purposes of exhaustion have been recognized as "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise,

---

[2]Plaintiff also suggests the All Writs Act 28 U.S.C. § 1651, provides a basis for jurisdiction that is independent of the statutory scheme, bypassing the need for administrative exhaustion. Plaintiff is incorrect; the All Writs Act does not provide an independent source of jurisdiction. E.g., Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 820-21 (8th Cir. 2009).

[3]There is legitimate doubt as to whether this exception is viable. See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13-14 (2000) ("[W] cannot distinguish Salfi and Ringer from the case before us. Those cases themselves foreclose distinctions based upon . . . the 'collateral' versus 'noncollateral" nature of the issues . . . ."). There is no need to decide whether Clarinda Home Health is still good law in light of the Court's holding that it would not apply in any event.

3

and to compile a record which is adequate for judicial review." Anderson v. Sullivan, 959 F.2d 690, 693 (8th Cir. 1992). These interests will be served if the Court requires exhaustion because the grounds for Plaintiff's termination and the method in which necessary information was gathered will be the heart of both Plaintiff's arguments here and in the administrative proceeding.

B.

In its response to the motion, Plaintiff asserts exhaustion is not required based on principles set forth in Bowen v. Michigan Academy of Family Physicians and Shalala v. Illinois Council on Long Term Care, Inc., which Plaintiff interprets as providing an exception to the exhaustion requirement when the procedures are tantamount to no review at all or when review would otherwise be ineffective. Plaintiff views this exception more broadly than the Supreme Court intended. In Michigan Academy, the Secretary took the position that Congress provided for no judicial review of statutory and constitutional challenges to his regulations. 476 U.S. 667, 678 (1986). The Court interpreted the statute differently, holding that review of the amount of benefits was unreviewable but statutory and constitutional challenges to regulations were permitted. Id. at 680-81. The Court's rationale was guided, in part, by a desire to avoid the constitutional implications of holding that constitutional challenges were foreclosed from judicial consideration. Id. at 681 n.12. Illinois Council reinforced that Michigan Academy addressed a situation where a statute "would not simply channel review through the agency, but would mean no review at all." 529 U.S. 1, 19 (2000). This understanding is "consisten[t] with the distinction that this Court has often drawn between a total preclusion of review and postponement of review." Id. Contrary to Plaintiff's interpretation, these cases do not apply a standard evaluating the effectiveness of judicial review in light of its timing: they apply when judicial review is purportedly prohibited. This is not such a case; judicial review is permitted after the administrative process is completed. The analysis is unaffected by a desire for earlier judicial review or the feared hardship from delaying review.

4

> [I]nsofar as [section 405(h)] demands the "channeling" of virtually all legal attacks through the agency, it assures the agency greater opportunity to apply interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying "ripeness" and "exhaustion" exceptions case by case. But this assurance comes at a price, namely, occasional individual, delay-related hardship. In the context of a massive, complex health and safety program . . . paying this price may seem justified. In any event, such was the judgment of Congress . . . ."

Illinois Council, 529 U.S. at 13. The fact that Plaintiff (or its residents) may suffer hardship from delayed judicial review is regrettable, but it does not provide a basis for excusing the exhaustion requirement.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. The case is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: September 16, 2009                UNITED STATES DISTRICT COURT